United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Nathaniel Brown, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-22147-Civ-Scola |
| ) | |
| Jose Colon and others, Defendant. ) | |

**Order**

This matter is before the Court upon an independent review of the record and a screening of the complaint (ECF No. 27-1) pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff Nathaniel Brown is a state inmate at Dade Correctional Institution ("Dade CI") who has nominally filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243. (ECF No. 27-1, at 17.) While Plaintiff purports to seek relief pursuant to 28 U.S.C. §§ 2241 and 2243, the thrust of his complaint is that state officials have displayed deliberate indifference to the Plaintiff's medical needs by failing to adequately prevent his exposure to COVID-19 at Dade CI. Accordingly, it appears the Plaintiff in fact seeks relief pursuant to 42 U.S.C. § 1983. (ECF No. 10, at 1.) Although this matter was automatically referred to United States Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2, the Court *sua sponte* withdrew the referral on September 22, 2020. (ECF No. 36.)

I. **Background**

On May 22, 2020, the Plaintiff filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243 (ECF No. 1) and amended his petition that same day (ECF No. 3). On June 16, 2020, the Plaintiff filed a motion to amend his pleading (ECF No. 6) which was granted by Magistrate Judge Reid (ECF Nos. 8, 9). Upon review of the Plaintiff's second amended pleading, Magistrate Judge Reid noted that Plaintiff's complaint was deficiently plead, as it appeared to seek relief pursuant to 42 U.S.C. § 1983 and not pursuant to 28 U.S.C. §§ 2241 and 2243. (ECF Nos. 10, 11.) Accordingly, the Plaintiff was ordered to file a third amended complaint which corrected certain deficiencies identified by the Court by July 7, 2020. (ECF No. 11.) On July 8, 2020, the Plaintiff filed a motion to amend complaint, with an amended complaint as an attachment to the motion (ECF No. 27, 27-1) and on July 10, 2020, Magistrate Judge Reid deemed the attachment to the Plaintiff's motion as responsive to the Courts earlier order; thus, the Plaintiff's proposed amended complaint became the operative pleading. (ECF No. 29.) While the Plaintiff continues to suggest in

his third amended complaint that he is seeking relief pursuant to 28 U.S.C. §§ 2241 and 2243 his allegations that state officials have displayed deliberate indifference to the Plaintiff's medical needs by failing to adequately prevent his exposure to COVID-19 at Dade CI suggest he continues to seek relief pursuant to 42 U.S.C. § 1983.

Specifically, in the third amended complaint, the Plaintiff alleges that: (1) he is medically vulnerable due to having cancer and other medical conditions; (2) the Defendant has known about the COVID-19 pandemic since March 2020 but only recently ordered testing; (3) 29 officers and 27 inmates have tested positive for COVID-19 which is spreading rapidly in and around Dade CI; and (4) the Defendant has failed to ensure social distancing, proper sanitization, and other preventative measures. [ECF No. 27-1, at 3-6]. He asserts a claim for deliberate indifference under the Eighth Amendment and seeks emergency release to protect him from this alleged imminent danger. [ECF No. 27-1, at 1, 7].

The Plaintiff further alleges in his third amended complaint that: (1) his claim arose at Dade CI; (2) Dade CI has a grievance procedure; and (3) he did not file a grievance concerning the allegations raised in his third amended complaint at Dade CI or any other prison because "this is an emergency release habeas corpus." [ECF No. 27-1, at 13-17].

## II. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a) "no action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." Accordingly, "[a] district court may dismiss an action sua sponte . . . if an affirmative defense—including failure to exhaust—appears on the face of the complaint." *Booth v. Allen*, 758 F. App'x 899, 901 (11th Cir. 2019) (per curiam) (citations omitted); *see also Whatley v. Warden*, 802 F.3d 1205, 1209 (11th Cir. 2015) ("The court should dismiss if the facts as stated by the prisoner show a failure to exhaust."); *see also* 42 U.S.C. 1997e(c).

## III. Analysis

From a review of the Plaintiff's third amended complaint, a lack of exhaustion is facially apparent. (ECF No. 27-1, at 17) (acknowledging the Plaintiff has not filed a grievance as "this is an emergency release habeas corpus."). Indeed, there is no question that Dade CI has a grievance procedure that Plaintiff should have utilized. *See Owens v. Centurion Med.*, 778 F. App'x 754, 755-56 (11th Cir. 2019) (per curiam) (referring to Dade CI's grievance process); *Nail v.*

*Collado*, No. 15-23036-Civ-Moreno, 2019 WL 1034186, at *4 (S.D. Fla. Mar. 4, 2019) (Moreno, Mag. J.) ("The grievance process applicable to Florida prisoners is set out in Section 33-103 of the Florida Administrative Code."). Accordingly, where a prisoner alleges on the face of his complaint that he has failed to exhaust his administrative remedies before filing his complaint, the "district court [is] required to dismiss [the] complaint." *Klug v. Rivera*, 674 F. App'x 937, 938 (11th Cir. 2017) (per curiam). As the Plaintiff's complaint on its face makes clear that the Plaintiff has failed to exhaust his administrative remedies, the Court dismisses his complaint.

The Court notes, however, that failure to exhaust is not always fatal under the PLRA. For instance, had Plaintiff alleged that Dade CI officials prevented him from filing a grievance thereby making such procedures unavailable to him "for § 1997e(a) purposes," the Court need not dismiss the complaint. *See Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 252 (11th Cir. 2011) (per curiam) (internal quotes omitted) (noting a Plaintiff who was allegedly "prevented" from filing a grievance may have satisfied § 1997e's exhaustion requirement). As Plaintiff has failed to raise any such allegations, the Plaintiff's failure to exhaust administrative remedies is not excusable.

Finally, even if the third amended complaint were more properly characterized as a hybrid §§ 1983/2241 action, *see, e.g., Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam), the PLRA's exhaustion requirement would still apply to both of the Plaintiff's claims, *see Swain v. Junior*, 961 F.3d 1276, 1281, 1292 (11th Cir. 2020). As stated above, the Plaintiff has not exhausted his administrative remedies and therefore the complaint should be dismissed.

### IV.   Conclusion

For the reasons stated above, the Court therefore **dismisses** the Plaintiff's third amended complaint **without prejudice** for failure to exhaust administrative remedies. (**ECF Nos. 27, 27-1**.) The Clerk is directed to **close** this case and any pending motions, if any are **denied as moot.** The Clerk is further directed to **mail a copy of this order** to the Plaintiff at the below address.

**Done and ordered**, in chambers, in Miami, Florida, on September 22, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Nathaniel Brown
109140
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034
PRO SE